UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01536-SVW-MRW | Date | March 31, 2014 |
|---|---|---|---|
| Title | Elzennia Brown, et al. v. Select Portfolio Servicing, Inc. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING PLAINTIFFS' MOTION TO REMAND [7]

　　　　Plaintiffs are nine homeowners from various states who originally filed suit in the Los Angeles County Superior Court against Select Portfolio Servicing, Inc., a Utah corporation that services their mortgage loans.  The complaint alleges fraud, conversion, and violation of California statutes.  Defendant removed the case here.  Plaintiffs now move to remand on the ground that subject matter jurisdiction is lacking.  The parties are diverse, so the sole question presented by the motion is whether the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

　　　　The Court has read the complaint and the notice of removal, including Diane Weinberger's declaration regarding the plaintiffs' loan balances, and considered the arguments presented in plaintiffs' motion and defendant's opposition brief.  Plaintiff does not dispute Ms. Weinberger's testimony and has not filed a reply.  (*See* Local Rule 7-10 (reply papers due 14 days before hearing).)  The Court finds the motion suitable for determination without oral argument.  Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing scheduled for Monday, April 7, 2014 is VACATED.

　　**I.  Legal Standard**
　　　　The starting point in determining the amount in controversy is the face of the complaint, where the plaintiff indicates the claim's value in her request for relief.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Each of the nine plaintiffs' claims against defendant must independently satisfy the jurisdictional minimum for the amount in controversy; their claims cannot be aggregated for the purpose of establishing jurisdiction.  *Pinel v. Pinel*, 240 U.S. 594 (1916).  The plaintiffs' state court complaint does not specify an exact amount of damages but does state the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01536-SVW-MRW | Date | March 31, 2014 |
|---|---|---|---|
| Title | Elzennia Brown, et al. v. Select Portfolio Servicing, Inc. | | |

plaintiffs' "desire and decision to avoid federal jurisdiction by. . . requesting damages of no more than $75,000 for each Plaintiff." (Compl. ¶¶ 89, 96, 106, 123, 137, 146).

If a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A)(i). Defendant's notice of removal accurately states that in addition to damages, plaintiffs seek an injunction against future collection on the loans. (Notice ¶ 17; Compl. ¶ 136). Plaintiffs also seek attorneys fees which, while separate from damages, are nevertheless included when calculating the amount in controversy when they are authorized by statute as alleged in the complaint. *See* 28 USC § 1332(a); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

"[I]n removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [the minimum amount] 'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)). The plaintiffs' state court complaint does not place a monetary value on the injunctive relief sought, and is ambiguous about whether the attorneys fees demanded are intended to be included within the "[a]ll inclusive . . . damages of no more than $75,000 total." (Compl. ¶ 112.) Thus, it is "unclear or ambiguous from the face of [the] state-court complaint whether the requisite amount in controversy is pled." *Guglielmino*, 506 F.3d at 699. "In such a circumstance, we apply a preponderance of the evidence standard." *Id.* (citing *Sanchez*, 102 F.3d at 404.) The burden is on defendant. *Sanchez*, 102 F.3d at 403.

**II. Value of the Relief Sought by Each Plaintiff**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). When a plaintiff seeks an equitable remedy, it can be difficult to place a monetary value on the "object of the litigation" when it is viewed from the perspective of the plaintiff, but relatively straightforward to ascertain the cost to the defendant of complying with the injunction. *See Packard v. Banton*, 264 U.S. 140, 142 (1924); *Mississippi & M.R. Co. v. Ward*, 67 U.S. 485, 492 (1862). In assessing the amount in controversy, federal courts employ the "either viewpoint" rule, which permits "the object of the litigation" to be valued either from the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01536-SVW-MRW | Date | March 31, 2014 |
|---|---|---|---|
| Title | Elzennia Brown, et al. v. Select Portfolio Servicing, Inc. | | |

plaintiff's viewpoint or the defendant's viewpoint. *See Smith v. Adams*, 130 U.S. 167, 175 (1889) ("[T]he pecuniary value of the matter in dispute may be determined . . . by the pecuniary result to one of the parties immediately from the judgment."); *In Re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001) ("Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.").

Defendant argues that because plaintiffs seek recovery of past payments on the loans and an injunction against future collection on the loans, the amount in controversy is the value of the loans. For this proposition, defendant cites *Rodriguez v. Wells Fargo Bank*, No. 11-05172, 2011 WL 6304152, at *3 (N.D. Cal. Dec. 16, 2011) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property," a removing defendant may rely on "the original loan amount" or "the outstanding balance at the time the sale is contemplated," to establish the amount in controversy) and *Zepeda v. U.S. Bank*, No. 11-0909, 2011 WL 4351801, at *3-4 (C.D. Cal. Sept. 16, 2011) ("The . . . focal point of this litigation is the $308,000 mortgage loan . . . [T]he preponderance of the evidence indicates an amount in controversy in excess of $75,000."). Defendant asserts that the value of each of plaintiffs' loans exceeds $75,000, both with respect to the original principal balances and the remaining amounts owed. This is supported by Ms. Weinberger's declaration, which plaintiffs have not disputed. (*See* Weinberger Decl. ¶¶ 4-12). The original principal balance of the plaintiffs' loans ranges from $120,600 to $885,000, and the unpaid principal balance ranges from $110,180 to $969,837. (*Id.*)

*Rodriguez* is not directly applicable to this case, however, because the purpose of plaintiffs' complaint is not to enjoin defendant from foreclosing on the loans, but rather to enjoin defendant from collecting any further loan payments. (Compl. ¶ 136). Leaving aside plaintiffs' damages claims and request for reimbursement of previous payments, if the requested injunctive relief were granted, defendant would be deprived of the future loan payments that each plaintiff would otherwise be obligated to pay. The present value of that income stream is the amount in controversy for purposes of determining jurisdiction. *See Brotherhood of Locomotive Firemen & Enginemen v. Pinkston*, 293 U.S. 96, 101 (1934). The close relationship between the original principal balance and the current unpaid balance of these loans indicates that they were recently issued and therefore have more than fifteen years remaining.[1] The jurisdictional threshold of $75,000 would be exceeded by any loan with a monthly payment in excess of $555, assuming a discount rate of 4% and at least fifteen years of future monthly

---

[1] The Court assumes these are 30-year loans. If the loan terms are shorter, then the monthly payments would be higher and the resulting value of the income stream would also exceed $75,000 for reasons similar to those discussed.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01536-SVW-MRW | Date | March 31, 2014 |
|---|---|---|---|
| Title | Elzennia Brown, et al. v. Select Portfolio Servicing, Inc. | | |

payments.[2] All but one of the loans at issue in this case would have a monthly payment in excess of $555 if the loan's interest rate is 1.628% or higher, which is extremely likely.[3] (Most of the unpaid loan balances exceed $300,000, and the present value of their payment streams easily exceeds $75,000 regardless of the interest rate.) The sole exception is plaintiff Iris Rojas's loan, which had an original balance of $120,600. (Weinberger Decl. ¶ 10.) Assuming fifteen years remaining on a 30-year loan, the monthly payment on this loan would exceed $555 if its interest rate is at least 3.699%.[4] Even this is quite likely, however.

Any doubt that the amount in controversy might not be met for all the plaintiffs is dispelled when plaintiffs' additional requests for reimbursement of past loan payments, punitive damages, and statutory attorneys fees are taken into account. Therefore, defendant has shown by a preponderance of the evidence that the value of the amount in controversy for each of the nine plaintiffs exceeds the threshold for federal diversity jurisdiction.

**III. Order**
For the foregoing reasons, plaintiffs' motion to remand is DENIED.

---

[2] *Cf. Nunn v. Witherell*, No. 12 C 3384, 2012 WL 4338889, at *3-4 (N.D. Ill. Sept. 20, 2012) (Using then-current 3% rate of 30-year government bonds and observing that "[s]electing a discount rate involves guesswork. But such guesswork is inherent is determining whether the jurisdictional minimum is satisfied in whole or in part by an anticipated stream of payments . . . ."); http://www.treasurydirect.gov/instit/annceresult/annceresult.htm (recent auction of 30-year treasury bond at approximately 3.6% interest rate) (last visited Mar. 28, 2014).

[3] The second smallest original principal balance of the nine plaintiffs is Diane Quartarolo's, which was $158,000. (Weinberger Decl. ¶ 9.) $158,000 × [(0.1628/12) / (1 - (1/(1 + (0.1628/12))^{360})]$ ) = $555.05.

[4] $120,600 × [(0.3699/12) / (1 - (1/(1 + (0.3699/12))^{360})]$ = $555.03.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |